## PHILPOTT v. VESTA COAL CO.
### No. 8528.

District Court, W. D. Pennsylvania.
October 28, 1937.

---

[31] 230 U. S. 1, 33 S. Ct. 1011, 57 L. Ed. 1363.

Rhea, Grubbs, Ewing & Hay and Malcolm Hay, all of Pittsburgh, Pa., for Mary Philpott.

William A. Challener and William A. Challener, Jr., both of Pittsburgh, Pa., for Vesta Coal Co.

GIBSON, District Judge.

The above-entitled action has been brought by Mary Philpott, administratrix of the estate of Stephen Philpott, for the benefit of the parents and next of kin of the deceased.

The statement of claim alleges that Stephen Philpott was employed as a deckhand on the defendant's steamboat Aliquippa, and that on November 7, 1927, he was thrown overboard and drowned by reason of the negligent operation of the boat by defendant's employees. The present action was brought on July 3, 1936, almost nine years after the date of Stephen Philpott's death, as set forth in the statement of claim.

The statement asserts that Stephen Philpott "was declared a presumed decedent by the Probate Court of Jefferson County, Kentucky," on October 25, 1935, and that the plaintiff was appointed administratrix upon the same day.

The defendant has moved for judgment of non pros. against the plaintiff, upon the ground that the action is barred by the statute of limitations governing such actions.

The right of action is based upon the Act March 4, 1915, § 20, as amended by Jones Act, § 33, 46 U.S.C.A. § 688, which extends to seamen the benefits and provisions of the Federal Employers' Liability Act of April 22, 1908, § 6, as amended 45 U.S.C.A. § 56, relating to interstate railway employees. The Act of 1908 provides: "No action shall be maintained under this chapter unless commenced within two years from the day the cause of action accrued."

The instant action was brought long after the expiration of the two-year limitation period fixed by statute. The plaintiff seeks to overcome this fact by her counsels' interpretation of the words, "from the day the cause of action accrued." It is contended that no cause of action accrued to plaintiff prior to the time of her appointment as administratrix, and that the suit was timely, having been begun in less than two years from that date. It was necessary, counsel assert, that Stephen Philpott be declared presumptively dead by the Kentucky probate court before plaintiff could have been appointed to administer his estate; and before such a declaration could be made, under the statute of Kentucky, an absence of seven years from his home had to be established, and therefore the earliest possible date for suit was November 7, 1934, seven years from the last day upon which he was known to be alive; and, even accepting that date as the proper start of the statute of limitations, the action was begun in time.

We are unable to agree with counsel for plaintiff in their contention. Their position seems to be authoritatively demolished by the decision in Reading Company v. Koons, 271 U.S. 58, 46 S.Ct. 405, 70 L.Ed. 835. In that case the deceased had been injured on April 22, 1915, and had died on the following day. Letters of administration were granted on September 23, 1921, and begun on February 6, 1922. The defendant prayed judgment of non pros. on the ground that the action was barred by the statute. The trial court and the Supreme Court of Pennsylvania (281 Pa. 270, 126 A. 381) each denied the petition, but the Supreme Court of the United States reversed, holding that the suit was barred by the statute of limitations.

Counsel for plaintiff have endeavored to distinguish Reading v. Koons, supra, from the instant case by pointing out that an unexplained delay of six years existed in the case cited before letters of administration were sought, while in the instant case there was no such unreasonable delay in seeking letters after the seven-year period had expired and judgment as to the presumed death. The attempt to distinguish wholly ignores the reasoning and language of the opinion of the Supreme Court in its interpretation of the statute. The opinion in

Reading v. Koons very plainly holds that the limitation period, both in a case of injury not resulting in death and in a case where death has resulted, starts with the event which fixes the liability of the defendant. It calls attention to a line of cases which hold that persons for whose benefit liability exists may bring suit in their individual capacity and later amend by describing the plaintiff as administrator of the decedent.

▇▇ Even if it were to be admitted that suit can be begun only by an administrator or executor of a seaman whose injury has resulted in death, the delay in the instant case, it may be remarked in passing, hardly seems to have been required. If the plaintiff was able to prove death as of November 7, 1927, as set out in the statement, the necessity for the seven years' delay for the declaration of the presumption of death by the Kentucky court does not appear. A corpus delicti is required in a homicide case, but the production of a body is not required to prove death in a civil matter, such as the appointment of an administrator. Other than as a basis for the appointment of an administrator, the judgment of the Kentucky court as to death had no significance.

The petition of the defendant for judgment must be allowed.