WILLIAM C. ANDREWS, ADMINISTRATOR, vs. THE HARTFORD
AND NEW HAVEN RAILROAD COMPANY.

34  57
72  623
34  57
77  113

The act of 1853, (Rev. of 1866, p. 202,) provides that where the life of a passenger is lost by reason of the negligence of a railroad company, the company shall be liable to pay damages, not over $5,000 nor less than $1,000, to the use of the executor or administrator, to be recovered by him in an action on the statute, for the benefit of the husband or widow and heirs of the deceased person. Held, that this act, whether viewed as giving a new action or as limiting and regulating an old one, takes away the right of an executor or administrator to sue for the injuries to his intestate, or for the injuries and death, *for the benefit of the estate generally.*

The essential elements of the cause of action as given or regulated by the statute are, the negligence, injury and consequent death; and until all have happened the cause of action is not complete, and the statute of limitations cannot begin to run upon it.

A cause of action accruing to an administrator after the death of the intestate, is not complete and does not *arise* and *exist,* so that the statute of limitations can begin to run upon it, (if there be no executor,) until an administrator is appointed who can bring suit.

Where the death of a passenger, a resident of another state, was occasioned by the negligence of a railroad company in this state, and action therefor was limited by statute to be "commenced within one year after the cause of action shall have arisen," and the action was not commenced within one year after the death, but was commenced within one year after the appointment of an administrator in this state, held that the action was not barred by the statute.

ACTION on the statute (Gen. Statutes, p. 202, sec. 544,) which gives a right of action to the executor or administrator of a deceased person killed by the negligence of a railroad company, for the benefit of the wife and children or heirs of the deceased; such suit to be brought within one year after the cause of action arises. The declaration alleged that the plaintiff was the administrator of George Andrews deceased, and that he was injured while a passenger on the cars of the defendants, by reason of the negligence of the defendants, on the 29th day of December, 1864, and soon after died in consequence thereof. The suit was brought June 14th, 1866, to the superior court for New Haven county.

The defendants pleaded in bar that the suit was not brought within one year after the cause of action arose. The plaintiff replied that he was appointed administrator of the deceased as

alleged in his declaration, and that the suit was brought within one year thereafter. To this replication the defendants demurred.

The superior court (*Pardee, J.,*) held the replication to be insufficient and rendered judgment for the defendants, and the plaintiff brought the record before this court by motion in error.

*Baldwin,* for the plaintiff.

*Dutton* and *Watrous,* for the defendants.

BUTLER, J. The only material question in this case is whether the action was barred by any statute of limitation.

It is founded on section 544 of the act relating to communities and corporations. The section provides in substance that where a *life* is *lost* by reason of the negligence of a railroad company, such company shall be liable to pay damages not exceeding five thousand nor less than one thousand dollars, to the use of the executor or administrator, in an action on that statute, for the benefit of the husband, or widow, or children, or heirs, as the case may be.

It is immaterial, as we have before had occasion to observe, whether a new action is thus given in substitution of the right of the administrator to sue for the injuries which occasioned the death, and on behalf of the estate generally, or whether it is a limitation and regulation of the then existing right of action in favor of an executor or administrator for such injuries. The effect of the regulation, if that is its character, is not only to fix the amount of damages and limit them to the use of the relatives, but to take away by implication the right of the executor or administrator to sue for the benefit of the estate generally. Such was clearly the intention of the General Assembly. No suit can now be brought by an administrator or executor, founded on the injuries which occasioned the death alone ; and a declaration averring the negligence and injury without averring the *consequent death,* would be bad on demurrer or motion in arrest. We are all

Andrews *v.* Hartford & New Haven R. R. Co.

satisfied therefore, that as death is an essential precedent to the existence of any right of action, the statute of limitations cannot begin to run until that event has happened.

The cause of action here would have been perfect on the happening of the death, and under section 546 would have been barred at the end of one year from the happening of that event, if an ordinary case, or there had been an executor. But it is a rule of law recognized by the court in *Hobart* v. *Connecticut Turnpike Co.*, 15 Conn., 145, that a cause of action accruing to an administrator after the death of the intestate, is not complete and does not *arise* and exist so that the statute of limitations can begin to run upon it, until an administrator is appointed who can bring suit. And the legislature seem to have had that rule in view when they enacted the statute ; for they did not say that the action should be barred unless commenced within one year from the death, or the happening of the events for which it is given, but unless " commenced within one year after the *cause of action* shall have *arisen.*" Inasmuch then as under a well settled rule no cause of action can *arise* and *exist* in favor of an administrator until he comes into existence as such, and this suit was brought within one year after the plaintiff received his appointment, it was not barred, and the court below erred in sustaining the demurrer. The superior court is therefore advised that there is manifest error in that respect in the record and that judgment should be reverse.

In this opinion the other judges concurred.