WHIPPLE *v.* JOHNSON.

Opinion delivered February 18, 1899.

1. LIMITATION—MORTGAGE FORECLOSURE.—A suit to foreclose a mortgage is barred where the debt which it is given to secure is barred. (Page 205.)

2. SAME—DEATH OF MAKER OF NOTE.—The running of the general statute of limitations of five years as to a note will not, upon the death of the maker, be suspended by the statute of non-claim until letters of administration are granted upon deceased's estate. (Page 205.)

Appeal from Pulaski Chancery Court.

THOMAS B. MARTIN, Chancellor.

*Hill & Auten*, for appellant.

The first note being barred, no foreclosure could be had on it.   Sand. & H. Dig. § 5094;  64 Ark. 306.

*W. S. & Farrar L. McCain*, for appellant.

Since the right to foreclose was not barred, a decree as to both notes was proper.   29 Ark. 591;  34 Ark. 318.   This rule is not effected by Sand. & H. Dig. § 5094;  43 Ark. 469. The mortgagor cannot redeem part and not all of the debt.   13 Am. & Eng. Enc. Law, 704;  2 Jones, Mort. 1204;  79 N. C. 480.   The note would not be barred until two years after death of maker, since he died before it was barred.   33 Ark. 651.

WOOD, J.   On the 21st of July, 1891, appellant executed a mortgage upon her individual property to secure two notes of her husband to John Lafferty, administrator of the estate of Mary Martin, deceased.   The first note was for $62.50, due three months after date; the second note was for $62.50, due six months after date.   The notes were of even date with mortgage.   The notes were also signed by Mrs. Whipple with her husband, but it is conceded that the debts were the husband's. The notes and mortgage were given for the purchase money of the land mortgaged.   Spencer Whipple, the husband, died in 1895, within four years from the date of the notes.   John Lafferty having died, this suit is by appellee, his successor, to foreclose the mortgage.   The appellant pleads the statute of limitations as to the first note, and this presents the only question.

More than five years had elapsed from the maturity of the first note (Oct. 21, 1891), to the bringing of this suit, Nov. 21, 1896.   Under the decision of this court in *American Mortgage Co.* v. *Milam*, 64 Ark. 306, no suit to foreclose or enforce the mortgage as to the debt evidenced by this note can be maintained.

But it is claimed that the death of Spencer Whipple, which occurred in 1895, stopped the five years' statute of limitation on the first note, and that appellee should have the benefit of

the statute of non-claim. This contention cannot avail, for the reason that appellee fails to show that the statute of non-claim was ever started as to the debt for which the mortgage is sought to be foreclosed. The complaint alleges that there was no administration upon the estate of Spencer Whipple. There is nothing, in other words, to show that appellee has brought this case within the statute of non-claim. The general statute of limitation of five years as to notes would not cease to run until letters of administration were granted upon the estate of Spencer Whipple. Sand. & H. Dig. § 110; *Worthington* v. *De Bardleken*, 33 Ark. 651.

It appears from this record that the first note of $62.50 was barred by the five years' statute of limitation at the time this suit was instituted. The decree of the chancellor foreclosing the mortgage for that amount is therefore reversed; otherwise it is affirmed.

Reversed and remanded, with directions to dismiss the complaint as to the first note, and for further proceedings not inconsistent with this opinion.