## READING COMPANY v. KOONS, ADMINISTRATOR.

CERTIORARI TO THE SUPREME COURT OF THE STATE OF PENNSYLVANIA.

No. 213. Argued March 12, 15, 1926.—Decided April 12, 1926.

Section 6 of the Employers' Liability Act, providing " That no action shall be maintained under this Act unless commenced within two years from the day the cause of action accrued," is to be construed as allowing, in death cases, two years from the time of death—not two years from the appointment of the administrator. P. 60.

281 Pa. 270, reversed.

CERTIORARI to a judgment of the Supreme Court of Pennsylvania, which affirmed a judgment (26 Dauphin Co. Pa. Reps. 234) in an action under the Federal Employers' Liability Act.

*Mr. John T. Brady,* with whom *Mr. Charles Heebner* was on the brief, for petitioner.

*Mr. John R. Geyer,* with whom *Messrs. Geo. Ross Hull* and *Paul G. Smith* were on the brief, for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

Respondent's intestate, while employed by the Philadelphia & Reading Railway Company, an interstate carrier of which petitioner is the successor, received injuries from which he died on the following day, April 23, 1915. Letters of administration were granted to respondent September 23, 1921. Five months later, on February 6, 1922, nearly seven years after the death, respondent brought the action, now under review, in the Pennsylvania Court of Common Pleas, to establish a liability under the Federal Employers' Liability Act, April 22, 1908, c. 149, 35 Stat. 65, 66, as amended by the Act of April 5, 1910, c. 143, 36 Stat. 291.

A petition of the defendant below, petitioner here, for judgment of *nol. pros.* on the ground that the action, having been brought more than two years after the death, was barred by the statute of limitations, was denied (26 Dauphin County Pa. Reports 234) and judgment was entered for plaintiff, respondent here. On an appeal to the Supreme Court of Pennsylvania, the judgment was affirmed. 281 Pa. 270. This court granted certiorari. 266 U. S. 600.

As respondent brought his action more than two years after the death and less than two years after his appointment as administrator, the sole question presented for

review is whether, in an action for wrongful death brought under the Federal Employers' Liability Act, the two-year statute of limitations begins to run at the date of the death or at the date of the appointment of the administrator of the decedent.

The Federal Employers' Liability Act imposes upon common carriers by railroad, engaged in interstate commerce, liability for the death of an employee employed in such commerce, when the death results from the negligence of the carrier or its agents, and gives a right of action to the personal representative of the decedent for the benefit of the surviving spouse and children of such employee, or if there are no such survivors, then for the benefit of his dependent next of kin. By § 6 of the Act, it is provided "That no action shall be maintained under this Act unless commenced within two years from the day the cause of action accrued."

The application of this statute turns on the question whether the cause of action created by the Act may be deemed to have "accrued," within the meaning of the Act, at the time of death or on the appointment of the administrator, who is the only person authorized by the statute to maintain the action. *American R. R. of Porto Rico* v. *Birch*, 224 U. S. 547; *St. Louis, S. F. & T. Ry.* v. *Seale*, 229 U. S. 156. The question has never been directly answered by this Court, although in *Missouri, K. & T. Ry.* v. *Wulf*, 226 U. S. 570, it was assumed that the cause of action was barred in two years after the death.

It has received conflicting answers in the decisions of other courts. The decision of the First Circuit Court of Appeals in *American R. R. of Porto Rico* v. *Coronas*, 230 Fed. 545, holding that the statute does not begin to run until the appointment of the administrator, has been followed in *Guinther* v. *Philadelphia & R. Ry.*, 1 Fed. (2d) 85; in *Kierejewski* v. *Great Lakes Dredge & Dock Co.*, 280 Fed. 125, and in *Bird* v. *Ft. Worth & Rio Grande*

*Railway,* 109 Tex. 323. Other cases have laid down a similar rule with respect to state laws giving a right of recovery for wrongful death. *Andrews* v. *Hartford & New Haven R. R.,* 34 Conn. 57; *Capro* v. *City of Syracuse,* 183 N. Y. 395.

On the other hand, the Supreme Court of Georgia (*Seaboard Air Line* v. *Brooks,* 151 Ga. 625) and the Supreme Court of Kansas (*Giersch* v. *Atchison, Topeka & Santa Fe Ry.,* 171 Pac. 591) have expressly declined to follow the rule laid down in the first circuit in *American R. R. of Porto Rico* v. *Coronas, supra.* The same result was reached in *Bixler* v. *Pennsylvania R. R.,* 201 Fed. 553, and a like rule has been applied in state courts to similar state statutes. See *Radezky* v. *Sargent & Co.,* 77 Conn. 110; *Rodman* v. *Ry.,* 65 Kan. 645; *Swisher* v. *Ry.,* 76 Kan. 97; *Carden, Adm'r.* v. *L. & N. R. R.,* 101 Ky. 113; *Gulledge* v. *R. R.,* 147 N. C. 234; *Hall* v. *R. R.,* 149 N. C. 108.

This diversity of view arises principally from the attempt made to find in the word " accrued " used in the statute, some definite technical meaning which will in itself enable courts to say at what point of time the cause of action has come into existence and consequently at what point of time the statute of limitations begins to run.

It is argued in support of one view, as the court below held, that, as the cause of action for death is the creature of statute and is given exclusively to the administrator of the decedent, no cause of action can arise or accrue until there is an administrator. On the other hand, it is asserted with, we think, equal plausibility, that, when all of the events have occurred which determine the liability of the common carrier, the cause of action has come into existence or has " accrued."

We do not think it is possible to assign to the word " accrued " any definite technical meaning which by

itself would enable us to say whether the statutory period begins to run at one time or the other; but the uncertainty is removed when the word is interpreted in the light of the general purposes of the statute and of its other provisions, and with due regard to those practical ends which are to be served by any limitation of the time within which an action must be brought.

Whatever effect may be given to the assertion often made in judicial opinion that, in the ordinary case where a cause of action arises in favor of the estate of a decedent, there is no person who can enforce it if there is no executor or administrator,[1] that statement cannot be applied strictly to causes of action for death arising under the Federal Employers' Liability Act. For while it is true that the executor or administrator is the person authorized to bring the suit, he nevertheless acts only for the benefit of persons specifically designated in the statute. At the time of death there are identified persons for whose benefit the liability exists and who can start the machinery of the law in motion to enforce it, by applying for the appointment of an administrator. This Court has held that a suit brought by such persons in their individual capacity is not a nullity within the provisions of the Act, and that if by amendment the plaintiff is properly described as executor or administrator of the decedent, even though the amendment is had after the expiration of the statutory period, the suit may be maintained and a recovery had under the statute. See *Missouri, K. & T. Ry. v. Wulf, supra.* See also *Seaboard Air Line v. Renn,* 241 U.S. 290, and *New York C. & H. R. R. R. Co. v. Kinney,* 260 U.S. 340. Thus, at the death of dece-

---

[1] See *Johnson, Adm'r v. Wren,* 3 Stew. 172; *Bucklin v. Ford,* 5 Barb. 393; *Dunning v. Ocean Nat. Bank,* 61 N.Y. 497; *Seymour v. Mechanics & Metals Nat. Bank,* 199 App. Div. 707; *Murray v. East India Co.,* 5 B. & Ald. 204; but see *Tynan v. Walker,* 35 Cal. 634, 637–8.

dent, there are real parties in interest who may procure the action to be brought; and there are no such practical inconveniences or necessary delays as would lead to the conclusion that the word " accrued," as used in the statute, cannot be taken to refer to the time of death.

The language of the statute evidences an intention to set a definite limit to the period within which an action may be brought under it, without reference to the exigencies which arise from the administration of a decedent's estate. The statute relates not only to causes of action for wrongful death but to causes of action for other injuries. Where the cause of action for personal injury survives to personal representatives of an injured employee who dies after the injury from other causes, the language of the statute seems peremptorily to require the action to be brought within two years from the time of injury, without regard to any intervening period after death when there is no executor or administrator. Compare *Whipple v. Johnson,* 66 Ark. 204; *Gibson v. Ruff,* 8 App. D. C. 262; *Sammis v. Wightman,* 31 Fla. 10; *Sanford v. Sanford,* 62 N. Y. 553, 555.

It cannot be supposed that Congress, in enacting the statute, intended to impose a fixed limitation of two years within which all actions for personal injury must be begun, regardless of death and of the time of appointment of an administrator of the injured employee, and at the same time intended to allow an indefinite period within which application may be made for the appointment of an administrator as the prerequisite to an action to recover for wrongful death. Indeed, the limitation would seem to be more necessary in the case of personal injuries than in the case of a wrongful death; for in the former case some part of the period of limitations will have run at the time of death. This inconsistency is avoided if the word " accrued," whether applied to causes of action for personal injury or for wrongful death, be taken to apply

uniformly to the time when the events have occurred which determine that the carrier is liable, even though the particular person through whose agency the liabilty is to be enforced, has not been designated.

It is argued that, as it was provided by Lord Campbell's Act that the period of limitation should run from the time of death, the omission of that phraseology from the Employers' Liability Act indicates that it was the intention of Congress that the statutory period should run from a different time, namely, from the time of the appointment of an administrator. This argument, however, leaves out of account the fact that the present statute deals with causes of action arising from personal injury as well as causes of action arising from a wrongful death. The limitation that no action shall be maintained under this Act unless commenced within two years from the day the cause of action accrued, applies to both. This accounts for the omission of any specific reference to death in fixing the period of limitation; and the fact that the limitation is made applicable equally to the two causes of action, one of which admittedly "accrues" on the happening of the events which fix the defendant's liability, leads persuasively to the conclusion that a like test was intended for determining when the cause of action accrued for wrongful death.

Every practical consideration which would lead to the imposition of any period of limitation, would require that the period should begin to run from the definitely ascertained time of death rather than the uncertain time of the appointment of an administrator. Here the appointment was not made until six years after the death. No reason appears, if the opinion of the court below is followed, why the time might not have been extended indefinitely by the failure to apply for administration. The only persons who can procure the appointment of an administrator are ordinarily spouse, next of kin, or

creditors of the decedent. Certainly the common carrier would have no standing to make the application. The very purpose of a period of limitation is that there may be, at some definitely ascertainable period, an end to litigation. If the persons who are designated beneficiaries of the right of action created may choose their own time for applying for the appointment of an administrator and consequently for setting the statute running, the two-year period of limitation so far as it applies to actions for wrongful death might as well have been omitted from the statute. An interpretation of a statute purporting to set a definite limitation upon the time of bringing action, without saving clauses, which would, nevertheless, leave defendants subject indefinitely to actions for the wrong done, would, we think, defeat its obvious purpose. There is nothing in the language of the statute to require, or indeed to support, such an interpretation.

Judgment of the Supreme Court of Pennsylvania is

*Reversed.*