Petition of **CLINCHFIELD NAV. CO., Inc.**

### THE NORTHWESTERN.

District Court, S. D. New York. March 1, 1928.

**1. Death** ⊜=39—Under Federal Employers' Liability Act, time within which to bring action for death dates from death, not from administrator's appointment (Federal Employers' Liability Act, § 6 [45 USCA § 56]).

Under Federal Employers' Liability Act, § 6 (45 USCA § 56; Comp. St. § 8662), providing that no action shall be maintained under this act unless commenced within two years *from day cause of action accrued*, the two years within which action for death of employee may be brought dates from death, and not from appointment of administrator.

**2. Seamen** ⊜=29(5)—Where no action was commenced or claim filed for seaman's death within two years from death, his administrator could not recover (Jones Act [46 USCA § 688]; Federal Employers' Liability Act, § 6 [45 USCA § 56]).

Where no action was commenced or claim filed within two years from date of death of seaman, alleged to have occurred by drowning after vessel had been beached on coast of Florida, his administrator cannot recover, since case is controlled by Jones Act (46 USCA § 688; Comp. St. § 8337a), which makes applicable in case of death of seaman as result of personal injury the Federal Employers' Liability Act, § 6 (45 USCA § 56; Comp. St. § 8662), providing that no action shall be maintained under act unless commenced within two years from day cause of action accrued.

**3. Seamen** ⊜=29(5)—Congress, having legislated on subject of action for death of seaman, state statutes are inapplicable (Jones Act [46 USCA § 688]).

Congress, having legislated on subject of actions for death of seaman as result of personal injury under Jones Act (46 USCA § 688; Comp. St. § 8337a), state statutes are inapplicable.

**4. Seamen** ⬳⟹**29(5)—Limit of time for bringing suit, contained in statutes giving damages for seaman's death, is limitation on right created by statute, and is binding on courts (Jones Act [46 USCA § 688]; Federal Employers' Liability Act, § 6 [45 USCA § 56]).**

Limit of time for bringing suit for seaman's death, contained in Jones Act (46 USCA § 688; Comp. St. § 8337a) and Federal Employers' Liability Act, § 6 (45 USCA § 56; Comp. St. § 8662), giving damages for seaman's death, is limitation on right created by statute, and, if suit is not brought within time limited, right, not merely remedy, is lost, and limitation is binding on any court in which suit may be brought.

In Admiralty. Petition of the Clinchfield Navigation Company, Inc., as owner of the steamship Northwestern, for limitation of liability, under Rev. St. §§ 4283–4285 (46 USCA §§ 183–185; Comp. St. §§ 8021–8023). On motion to dismiss the claim and to strike out the answer of Hans Fay, as administrator of the estate of Malvin Ludvigsen, deceased. Motion granted.

Crowell & Rouse, of New York City (E. Curtis Rouse, of New York City, of counsel), for petitioner.

Thomas J. Cuff, of New York City, for claimant.

THACHER, District Judge. From the claim it appears that Malvin Ludvigsen, a member of the crew of the steamship Northwestern, lost his life by drowning when the vessel, on or about March 22, 1920, while on a voyage from Charleston, S. C., to Cuba, because of her unseaworthy condition, broke up on the coast of Florida during a storm. It is also alleged that Ludvigsen's death was due solely to carelessness and negligence, with the privity and knowledge of the petitioner, its officers, agents, servants, and employees, and wholly without fault or negligence on his part.

The time for claimants to appear and make proof of their claims before the commissioner, as fixed by the monition and thereafter extended by order, expired September 28, 1925. Letters of administration of the estate of Ludvigsen were issued to claimant in the Surrogates' Court of New York County May 13, 1925. The claimant's first appearance in this proceeding was on August 19, 1926, when he served notice of motion for leave to file proof of claim nunc pro tunc as of September 28, 1925, which was granted by order entered September 30, 1926. Thereafter his proof of claim was filed October 30, 1926.

[1-3] The present motion proceeds upon the theory that the claimant does not show, either in the allegations of his claim or of his answer, any right to recover damages for the death of the decedent, since the only statutes upon which he could conceivably predicate such a right require suit to be brought within two years after death. From the claimant's answer to the petition, it appears that death is alleged to have occurred by drowning after the vessel had been beached on the coast of Florida. The case is controlled by the Jones Act of June 5, 1920 (section 33, c. 250, 41 Stat. 107; U. S. Comp. Stat. 1923 Supp. §' 8337a [46 USCA § 688]), which makes applicable in the case of the death of any seaman as a result of personal injury the Federal Railway Employers' Liability Act of April 22, 1908, c. 149 (45 USCA § 51–59; Comp. St. §§ 8657–8665). The latter statute expressly provides in section 6: "No action shall be maintained under this act unless commenced within two years from the day the cause of action accrued" (U. S. Compiled Statutes, § 8662 [45 USCA § 56]), and this means within two years from the death, not from the appointment of the administrator. Reading Co. v. Koons, 271 U. S. 58, 46 S. Ct. 405, 70 L. Ed. 835. Since no action was commenced, or claim filed, within two years from the date of death, there can be no recovery. I do not think it necessary to consider the New York death statute, or the Florida death statute, because the Jones Act appears to be plainly applicable, and therefore controlling. Congress having legislated on the subject, state statutes are inapplicable.

[4] It is, however, contended that the petitioner has waived defense based upon the two-year limitation by failure to assert it in its objection to the claim. A limit of time for bringing suit, contained in a statute giving damages for death, is binding on any court in which suit may be brought. It is a limitation upon the right created by the statute, and, if suit is not brought within the time limited, the right, not merely the remedy, is lost. The Harrisburg, 119 U. S. 199, 214, 7 S. Ct. 140, 30 L. Ed. 358; Texas & N. O. R. Co. v. Miller, 221 U. S. 408, 31 S. Ct. 534, 55 L. Ed. 789; International Navigation Co. v. Lindstrom (C. C. A.) 123 F. 475; Keep v. Nat. Tube Co. (C. C.) 154 F. 121; Swanson v. Atl. Gulf & Pac. Co. (D. C.) 156 F. 977; American Law Institute Conflict of Laws, Restatement No. 4, § 433.

The trouble with the claim is that the right to recover is gone beyond recall by any failure to mention the defect in objecting to the claim. This would be so even if the objection could be properly regarded as a

pleading in an action. Pernisi v. Schmalz' Sons, Inc., 142 App. Div. 53, 126 N. Y. S. 880; Tiffany, Death by Wrongful Act (2d Ed.) § 121.

Motion granted.