## In re APPALACHIAN PUBLISHERS, Inc.

## DUGGER v. HAMILTON NAT. BANK.

### No. 13.

District Court, E. D. Tennessee.

Sept. 15, 1939.

Hallie K. Riner and J. Malcolm Shull, both of Elizabethton, Tenn., for plaintiff.

Cox, Taylor & Epps, of Johnson City, Tenn., for defendant.

TAYLOR, District Judge.

This case presents the sole question whether a trustee in bankruptcy may, more than two years after usurious interest was actually paid by the bankrupt, maintain a suit under Title 11, sec. 110, sub. a(6), U.S. C., 11 U.S.C.A. § 110, sub. a(6), if the adjudication was within two years of such payment.

Title 12, sec. 86, U.S.C., 12 U.S.C.A. § 86, provides: "In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same: Provided, That such action is commenced within two years from the time the usurious transaction occurred."

Title 11, sec. 110, sub. a(6), U.S.C., 11 U.S.C.A. § 110, sub. a(6), vests in the trustee in bankruptcy as of the date of filing the petition "(6) rights of action arising upon contracts, or usury, or the unlawful taking or detention of or injury to his property".

Title 11, sec. 110, sub. a(6) creates no right of action, nor does it purport to define the word "usury" or limit the meaning to the definition set out in any state or federal statute. This action is predicated upon the right created by Title 12, sec. 86, U.S.C., 12 U.S.C.A. § 86.

The provisions of the Bankruptcy Act dealing with the statute of limitations does not purport to create any right of action,

1022

and by its terms as construed in Freelander v. Holloman, 1873, Fed.Cas.No.5,081; 1 Collier on Bankruptcy, 424; Remington on Bankruptcy secs. 2344 and 2347; Isaacs v. Neece et al., 5 Cir., 75 F.2d 566–569; Acme Harvester Co. v. Beekman, 222 U.S. 300, 32 S.Ct. 96, 56 L.Ed. 208; and Hughes Federal Practice, sec. 1476, only undertakes to create a uniform period within which trustees may assert rights not barred when the petition is filed.

This is a very different legal proposition from that before the court. Here the question presented involves a determination of the effect of the bankruptcy statute of limitations upon a statute creating a new right which, by the terms of the statute so creating it, provides that its existence, that is, the existence of the right, is conditioned upon its exercise within a definite period. The statute does not limit the time within which the created right may be exercised. It must be understood that the right is created to sue to recover usurious interest provided the suit to recover it is commenced within two years from the time the usurious transaction occurred; that is, the payment of the usurious interest. If the action is postponed beyond that period, then the conditionally created right never exists. The timely institution of the suit is a condition precedent to the existence of the right. Vaught v. Virginia & S. W. R. R., 132 Tenn. 679, 179 S.W. 314.

But for the statute relied upon here, there would be no cause of action, and in that statute the condition to the right or liability is as clear as the creation of the right itself. Reliance upon the statute by the trustee requires the acceptance of the conditions to the existence of the right as well as the parts of the statute defining the right and conditioning its existence on the proviso respecting the time within which it exists. Reading Co. v. Koons, 271 U.S. 58, 46 S.Ct. 405, 70 L.Ed. 835. See the reasoning in Partee v. St. Louis, S. F. & R. Co., 8 Cir., 204 F. 970, 51 L.R.A.,N.S., 721. See also Auto Sales Co. v. Johnson, Tenn., 122 S.W.2d 453, 120 A.L.R. 370.

I conclude the statute of limitations carried into the Bankruptcy Act must be held to be strictly a statute limiting the time within which rights may be enforced, and not a statute undertaking to strike down in another statute a condition imposed therein as essential to the existence of the right itself.