### RILEY v. SOUTHERN TRANSPORTATION CO.

United States District Court
S. D. New York.
May 24, 1950.

Solomon Goodman, New York City, for plaintiff.

Nelson, Healy, Baillie & Burke, New York City (Allan A. Baillie, New York City, of counsel), for defendant.

IRVING R. KAUFMAN, District Judge.

Plaintiff, in its complaint in this action filed June 17, 1949, alleges two causes of action, the first under the Jones Act, 46 U.S.C.A. § 688, and the second for war risk insurance for loss of life and personal effects. Defendant moves for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., upon the following grounds:

(a) That plaintiff's first cause of action for the wrongful death of her seaman intestate is barred by the three year limitation provision of the Federal Employers' Liability Act, 45 U.S.C.A. § 56, as incorporated into the Jones Act, and

(b) That plaintiff's second cause of action raises no triable issue of fact.

Plaintiff's intestate, it is alleged, was an oiler on the steamtug Menominee, owned and operated by the defendant, which was sunk on March 31, 1942 off the Virginia coast by the shell fire of an enemy submarine. There were but two survivors of the sinking, and plaintiff's intestate was not one of them.

In regard to the motion for summary judgment on the first cause of action, the limitation provision provides that: "No action shall be maintained under this chapter unless commenced within three years

from the day the cause of action accrued." Plaintiff attempts to avoid this definite bar to her action by alleging that her intestate "disappeared" at the time of the sinking; that she had to wait seven years to pass before he could be presumed dead, and that she brought suit as soon as was possible after she qualified as administratrix of his estate upon declaration of her intestate's death by the Surrogate's Court of Warren County, New York State, on June 7, 1949. This contention is not original, but was raised and disallowed in a similar case, Philpott v. Vesta Coal Co., D.C.W.D.Pa.1937, 21 F.Supp. 37. That decision was based on a holding of the Supreme Court that a cause of action for wrongful death under the Federal Employers' Liability Act accrues at the time of death and not at the time of appointment of the personal representative. Reading Co. v. Koons, 1926, 271 U.S. 58, 46 S.Ct. 405, 70 L.Ed. 835. This, of course, applies as well to a suit under the Jones Act. O'Neill v. Cunard White Star Limited, D.C.S.D.N.Y.1946, 69 F.Supp. 943.

Plaintiff alleges that she could not state that her intestate was dead until the declaration of the Surrogate's Court, which required an absence of seven years. This assertion not only is not well taken but it denies the causal relation between defendant's alleged negligence and the wrongful death necessary for plaintiff to succeed on her first cause of action.

The seven year waiting period necessary is only required where there is an unexplained absence. If the facts surrounding the disappearance are sufficient to reasonably indicate that the person is dead, letters of administration could be applied for immediately and obtained. Surrogate's Court Act, New York, Sec. 119; see 2 Warren's Heaton on Surrogate's Courts, pp. 168-172 (Sixth Edition). It appears from the pleadings and affidavit in support of the motion that plaintiff was aware of her husband's death in 1942, and nothing is alleged by the plaintiff to justify her delay in applying for letters or in bringing suit. As the Supreme Court said in the case of Reading Co. v. Koons, supra: "The language of the statute evidences an inten-

tion to set a definite limit to the period within which an action may be brought under it without reference to the exigencies which arise from the administration of a decedent's estate." 271 U.S. at page 63, 46 S.Ct. at page 407.

The decision to bring suit seems to be an afterthought on the part of the plaintiff based on recent findings of negligence in suits by the representatives of the estates of other victims of the sinking of the Menominee. Painter v. Southern Transp. Co., D.C.E.D.Va.1948, 80 F.Supp. 754; Tatem v. Southern Transp. Co., D.C.E.D. Pa.1947, 72 F.Supp. 44, affirmed 3 Cir., 1948, 166 F.2d 1020. It is now too late to bring suit and defendant's motion for summary judgment on the first cause of action must be granted. Philpott v. Vesta Coal Co., supra. The plaintiff claims that a decision of Judge Samuel H. Kaufman on September 20, 1949 denying a motion to dismiss the complaint requires that this motion for summary judgment be denied. The motion to dismiss was made before answer. Indeed, the Court stated that the question of the Statute of Limitations might be raised at the trial, a clear indication that he was not passing upon the question.

As to plaintiff's second cause of action, the issue of the war risk insurance coverage of defendant's employees aboard the Menominee was completely litigated in the case of Painter v. Southern Transp. Co., D.C.E.D.Va.1948, 80 F.Supp. 756, affirmed sub nom Timbs v. Southern Transp. Co., 4 Cir., 1948, 170 F.2d 854, certiorari denied, 1949, 336 U.S. 931, 69 S.Ct. 739, and there appears to be little merit to this claim. However, that decision is not binding on the plaintiff who was not a party to the action. There is nothing upon which this Court could grant a motion for summary judgment other than the argument of defendant's counsel, and since there are controverted questions of fact, such as whether defendant was a party signatory to a statement of principles pursuant to which the War Emergency Board was created and issued war risk insurance rulings, (paragraph 18 of the complaint) the Court cannot grant summary judgment on the second cause of action. Furthermore, since the

motion on this cause of action is not based on defendant's answer or any supporting affidavits, it essentially is a motion to dismiss the second cause of action, upon which Judge Samuel H. Kaufman has previously ruled.

Accordingly, defendant's motion for summary judgment is granted on the first cause of action and that cause of action is dismissed, and denied as to plaintiff's second cause of action.