Merlin Jay PHILLIPS to be Appointed
Personal Representative of the Estate
of Brian T. Phillips, Appellant

v.

Barbara HEINE, as Conservator for
R. Ward Terrell, Disappeared.

No. 91–7158.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 23, 1992.

Decided Feb. 9, 1993.

Rehearing and Rehearing En Banc
Denied April 5, 1993.

Frederic W. Schwartz, Jr., with whom Robert Cadeaux, Washington, DC, was on the brief, for appellant.

Kathryn Ledig, Washington, DC, for appellee.

Before: EDWARDS, RUTH BADER GINSBURG and WILLIAMS, Circuit Judges.

Opinion for the Court filed by Circuit Judge STEPHEN F. WILLIAMS.

STEPHEN F. WILLIAMS, Circuit Judge:

Appellant's decedent, his son, Brian T. Phillips, was one of three passengers on a plane piloted by appellee's decedent that disappeared off the coast of Italy on March 21, 1987. No remains were ever found. For the next year appellant sought a report of death from the United States Department of State and the Italian and Maltese governments, but in March 1988 the State Department informed him that it would be unable to obtain such a report. Two years later, on February 14, 1990, Phillips petitioned a California court for a declaration of death; the court promptly, on February 26, 1990, issued an order certifying that Brian Phillips had died at sea on the date the plane disappeared.

Nearly ten months later, on December 12, 1990, appellant filed a suit against appellee, the pilot's conservator, under the Death on the High Seas Act ("DOHSA"), 46 U.S.C. app. § 761 et seq. The district judge consolidated this action with a similar suit filed in March 1989 by the survivors of the other two passengers. On March 26, 1991, the district court dismissed the Phillips action as barred by DOHSA's three-year statute of limitations, 46 U.S.C. app. § 763a. Five months later, on August 28, 1991, the action filed on behalf of the other two passengers was settled and dismissed. On the same day, Phillips filed a notice of appeal.

\* \* \*

■ Appellee argues that this appeal should be dismissed as untimely because the notice of appeal was not filed within 30 days after the date on which the district court dismissed the Phillips action. See Fed.R.App.P. 4 (requiring filing within 30 days after entry of the judgment or order appealed from). That action, however, was consolidated "for all purposes" with the suits of the other two passengers. See Order of Dec. 20, 1990. [Joint Appendix at 9.] Where such a consolidation has occurred, an order disposing of only one party's claim does not start the time for appeal running in the absence of an order under Fed.R.Civ.P. 54(b). "[A]n order deciding fewer than all of several cases consolidated for all purposes does not become a final judgment, absent an 'express determination' to that effect." *Cablevision Systems Development Co. v. Motion Picture Ass'n of America, Inc.,* 808 F.2d 133, 136 (D.C.Cir.1987) (citing Fed.R.Civ.P. 54(b)). Thus, the appeal was properly taken within 30 days after disposition of all claims of all parties.

\* \* \*

DOHSA's three-year statute of limitations provides:

Unless otherwise specified by law, a suit for recovery of damages for personal injury or death, or both, arising out of a maritime tort, shall not be maintained unless commenced within three years from the date the cause of action accrued.

46 U.S.C. app. § 763a. Phillips first argues that the cause of action did not "accrue" within the meaning of this section until either of two events occurring long after the death—the judicial declaration that Brian Phillips was legally dead (February 26, 1990) or the appointment of a conservator for *defendant*'s decedent (February 6, 1990). We believe instead that the cause of action accrued at the time of probable death.

■ Neither this court nor the Supreme Court has directly addressed the question of when a cause of action for wrongful death accrues under DOHSA. But the Supreme Court ruled on a like issue under the

Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, which has a similarly worded time limit: "No action shall be maintained under this act unless commenced within two years from the day the cause of action accrued." See 45 U.S.C. § 56 (amended to provide for a three-year limit). In *Reading Co. v. Koons*, 271 U.S. 58, 46 S.Ct. 405, 70 L.Ed. 835 (1926), the Court held that where there are at the time of death "identified persons for whose benefit the liability exists and who can start the machinery of the law in motion to enforce it, by applying for the appointment of an administrator," the cause of action accrues at the time of death and *not* at the time of appointment. *Id.* at 62, 46 S.Ct. at 406–07. The Court pointed out that those capable of *applying* to be appointed administrator could bring the suit, amending their complaint later (even after the running of the statute of limitations) to identify themselves as executor or administrator. *Id.* Congress, the Court thought, obviously sought a fixed limitation, and could hardly have simultaneously intended "to allow an indefinite period" for appointment of an administrator. *Id.* at 63, 45 S.Ct. at 407; see also *In re Petition of Clinchfield Navigation Co.*, 26 F.2d 290, 291 (S.D.N.Y.1928) (citing *Reading* and holding that a cause of action under the Jones Act, 46 U.S.C. app. § 688, which incorporates FELA, accrues at the time of death and not at the time of declaration of death by a court or appointment of an administrator).

Other courts have applied the same analysis to wrongful death actions under DOHSA. See *O'Neill v. Cunard White Star Ltd.*, 69 F.Supp. 943, 945–46 (S.D.N.Y.1946) (following *Reading* as to accrual of causes of action under both Jones Act and DOHSA); see also *Evers v. Evers Marine Service, Inc.*, 487 F.Supp. 1283, 1288 (D.N.J. 1980) (holding that when a person's disappearance results from a specific peril so that death can be presumed, the DOHSA

and Jones Act statutes of limitations begin to run at the time of death). If the accrual of the cause of action starts at death rather than the appointment of an administrator for the plaintiff's decedent, it surely does not await a formal finding of death.

So far as we can determine, no court has even considered Phillips's alternative theory—that accrual starts only when a conservator has been appointed for defendant's decedent. Arguments similar to the ones precluding a similar delay for plaintiff's decedent seem applicable: the idea would supplant a definite period with a highly elastic one. Further, to the extent that the lack of a representative for the pilot's estate might have prevented plaintiff from suing,[1] the problem is one that can be corrected within the framework of the doctrine of equitable tolling, to which we turn shortly.

In this case, the date of death was indisputably on or about March 21, 1987, the date upon which the plane disappeared; hence the cause of action accrued, and the statute of limitations began to run, on that date.

■ In the absence of some congressional intent to the contrary, federal statutes of limitation are subject to the doctrine of equitable tolling, which shelters the plaintiff from the statute of limitations in cases where strict application would be inequitable. See *Burnett v. New York Central R.R. Co.*, 380 U.S. 424, 427, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941 (1965); *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2916, 115 L.Ed.2d 1079 (1991); *Hill v. Texaco, Inc.*, 825 F.2d 333, 334 (11th Cir.1987); *Timoni v. United States*, 419 F.2d 294, 299 (D.C.Cir.1969) (citing *Burnett*); *Esplin v. Hirschi*, 402 F.2d 94, 103 (10th Cir.1968). Appellant invokes the doctrine, saying that the statute should have been tolled to account for the delay until a conservator had been appointed for the pi-

---

1. In fact, it appears that absence of a conservator for the pilot would not have delayed suit. None had been appointed at the time his co-plaintiffs filed—March 1989. Plaintiffs in that action requested—and the district court grant-ed—repeated extensions of time in which to perfect service. Appellee was appointed conservator on February 6, 1990, and plaintiffs were then able to serve her.

lot and Brian Phillips had been declared legally dead.

We assume for the purposes of this case that the absence of a conservator for the pilot and of a declaration of death for plaintiff's decedent were circumstances justifying tolling. We also assume that the time appellant spent until February 26, 1990, the date upon which the California court declared Brian Phillips dead, was reasonable in order to establish his death.[2] It does not follow, however, that appellant was entitled to three years from that date to bring the action. Tolling is an equitable doctrine, designed to protect a plaintiff who, through no fault of his *or* the defendant's,[3] would be barred unfairly by strict application of the statute. Thus, although courts often speak vaguely of the doctrine's suspending the operation of the statute until the tolling circumstance is corrected, tolling does not bring about an automatic extension of the statute of limitations by the length of the tolling period. See *Cada*, 920 F.2d at 452. It gives the plaintiff extra time *only* if he needs it. "If [the plaintiff] doesn't need it there is no basis for depriving the defendant of the protection of the statute of limitations", *id.*, which after all exists to advance important interests in evidentiary accuracy and repose. The purposes of the doctrine are fully achieved if the court extends the time for filing by a reasonable period after the tolling circumstance is mended.

Here the justifications for delay, viewed in the light most favorable to plaintiff, ended no later than the California court's certificate of February 26, 1990. The statute, without any tolling, did not expire until March 21, 1990. As nothing had prevented plaintiff from gathering information in the preceding years, and more than three weeks remained, we question whether there was any need to extend the statute at all. But plaintiff's reasonable needs surely did not require extending the time the full nine and one-half months that passed before he filed suit on December 12, 1990. We note that the prior version of the statute, 46 U.S.C. app. § 763 (repealed Pub.L. No. 96–382, Oct. 6, 1980), provided for explicit tolling, but extended the period for only 90 days after the end of the tolling event. When Congress extended the statutory period from two years to three and deleted any reference to tolling, we doubt it meant to allow plaintiffs more than 90 days from correction of the tolling event, at least in the absence of some extraordinary factor that would make so long an extension reasonable.

The decision of the district court is therefore

*Affirmed.*

---

**2.** This assumption is generous to appellant. The record appears to offer no explanation of why appellant needed two years after the State Department declared itself unable to help to request a certificate of death from the California courts. Given our disposition of this case, however, we need not address this or any other questionable delays by appellant.

**3.** Equitable tolling thus contrasts with equitable *estoppel*, which is applied where the plaintiff's delay arises out of the defendant's fault and the equities for protecting the defendant's interest in timeliness are accordingly reduced. See *Cada*, 920 F.2d at 452–53.