In re GANTOS, INC., Debtor.

Richard M. Coan, Trustee, Plaintiff,

v.

Meryl Diamond, Ltd., Defendant.

Bankruptcy No. 99–51806.
Adversary No. 01–05164.

United States Bankruptcy Court,
D. Connecticut.

Oct. 1, 2002.

Barbara H. Katz, New Haven, CT, for Meryl Diamond.

Timothy D. Miltenberger, Coan, Lewendon, Gulliver & Miltenberger, New Haven, CT, for Gantos.

## MEMORANDUM OF DECISION ON MOTION TO DISMISS

ALAN H. W. SHIFF, Chief Judge.

On December 21, 2001, the plaintiff chapter 7 trustee, Richard M. Coan, commenced this adversary proceeding against Meryl Diamond, Ltd. ("Diamond"), by filing a one count complaint, alleging that it received a $35,000 preferential transfer. 11 U.S.C. § 547(b).[1] On March 22, 2002, the trustee filed an amended complaint which added a second count, alleging that the same transaction constituted a fraudulent transfer under 11 U.S.C. § 548(a)(1)(B).[2] On March 25, 2002, Diamond filed the instant motion to dismiss the second count, *see* Rule 7012(b),

---

**1.** Code section 547(b) provides that

the trustee may avoid any transfer of an interest of the debtor in property—
(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made—
(A) on or within 90 days before the date of the filing of the petition. . . .

**2.** Code section 548(a)(1)(B) provides

(a)(1) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

. . .

(B)(i) received less than reasonably equivalent value in exchange for such transfer or obligation; and
(ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
(II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or
(III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

F.R.Bankr.P., because it was time barred by the applicable statute of limitations. Code section 546(a)(1) provides in relevant part that "an action or proceeding under section ... 548 ... of this title may not be commenced after ... 2 years after the entry of the order for relief....". Here, the order for relief entered on December 28, 1999. For the reasons that follow, the motion is granted.

The purpose served by statutes of limitations generally is " 'that there may be, at some definitely ascertainable period, an end to litigation,' " *United States v. Gordon,* 78 F.3d 781, 787 (2nd Cir.1996) (quoting *Reading Co. v. Koons,* 271 U.S. 58, 65, 46 S.Ct. 405, 70 L.Ed. 835 (1926)). Actions commenced after an applicable statute of limitations has run are vulnerable to dismissal, unless, as claimed here, the action relates back to the date of the original complaint. Rule 15(c)(2) F.R.Civ.P, made applicable by Rule 7015, F.R.Bankr.P., provides that "an amendment of a pleading relates back to the date of the original pleading when ... the claim ... asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading." The policy served by the relation back procedure is to permit the amendment of a pleading to amplify what has been alleged, not to establish a new predicate for the relief sought. *See Conteh v. City of New York,* 2001 WL 736783, *3, 2001 U.S.Dist. LEXIS 8851, *8 (S.D.N.Y. June 28, 2001). Notice pleading is intended to give litigants a fair opportunity to assess the allegations that they will confront at trial and to limit the claims against them to what has been pleaded. *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988) (cited in *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 154–155 (2nd Cir.2002)).

The issue here is whether adequate notice of the fraudulent transfer claims alleged in the amended pleading had been given to Diamond by the preference allegations in the original complaint. *See e.g., Wilson v. Fairchild Republic Co., Inc.,* 143 F.3d 733, 738 (2nd Cir.1998). (The pertinent inquiry "is whether the original complaint gave the defendant fair notice of the newly alleged claims."). It was not.

Even if the result is the same, *i.e.,* the avoidance of a transfer, an amendment cannot relate back if different facts are essential to reach that conclusion. *See e.g., Ansam Assoc. v. Cola Petroleum, Ltd.,* 760 F.2d 442, 446 (2nd Cir.1985). So, while both the original and amended pleadings identified the same parties, date and amount of the transfer, there was no allegation in the original pleading, claiming Gantos received a preferential transfer, which would put Diamond on notice of the amended claim that Gantos received a fraudulent transfer, i.e., "less than reasonably equivalent value". The statutory basis and available defenses are different.

Accordingly, the motion is granted, Count Two of the amended complaint is DISMISSED, and IT IS SO ORDERED.

