This case is before the court on defendant’s request for an interlocutory review of an order of the trial judge, pursuant to Rules 13 and 53(c)(2)(i).
On November 20, 1974, after plaintiffs had filed this suit for a taking of a flowage easement in their lands, the Department of Justice requested the Bureau of Reclamation (BOR) to "reinstitute the program to acquire plaintiffs’ lands” and to include funds for that purpose in the budget for the next fiscal year. On December 20, 1974, defendant’s attorney of record advised plaintiffs’ attorney of record that settlement of this suit would be inappropriate. Thereafter, the BOR acquired fee simple title to all of the lands in issue held by 33 of the 36 plaintiffs.
As we understand his order, the trial judge held that, under the circumstances, the Attorney General had, through the BOR land acquisitions, effected a settlement of this suit within the meaning of 42 U.S.C. § 4654(c), and that plaintiffs are entitled to recover reasonable attorneys’ fees. For several reasons, we find that the issue cannot be decided on this interlocutory review, and that it will be necessary to remand the matter to the trial judge with instructions to hold an evidentiary hearing.
The defendant argues that the trial judge erroneously assumed that the BOR had not decided to acquire *972 plaintiffs’ lands before this suit was filed, and that the trial judge erroneously found that the Department of Justice had suggested the acquisition program for several reasons, including particularly the avoidance of liability for attorneys’ fees in this case. Defendant supports these contentions by two documents which have not been seen by the trial judge, but which should be offered in evidence at the evidentiary trial: a letter of January 25, 1974, from the BOR attached to defendant’s brief as Exhibit A, and a memorandum from the Section Chief, General Litigation Section, dated November 7, 1974, to the Assistant Attorney General (referred to in defendant’s brief at p. 9). The defendant also argues that there is no factual basis for the trial judge’s findings and conclusions that in the negotiations of the BOR for acquisition of the lands plaintiffs "neither intended to waive their rights or release their claim for attorneys’ fees.”
In their response, plaintiffs have requested that if the court, for any reason, holds that the trial judge’s order is not supported by the record, the case be remanded to the trial judge for an evidentiary hearing and a "complete factual development.” We agree with plaintiffs that the question of whether plaintiffs are entitled to an allowance for attorneys’ fees presents novel issues in the interpretation of 42 U.S.C. § 4654(c), and the court is not now prepared to agree that either party’s interpretation of the applicable statute is correct.
Therefore, this case is remanded to the trial judge, to hold an evidentiary hearing, and to make a report of his findings of fact and conclusions of law as in a case tried on the merits. In his report, the trial judge is instructed to make findings of fact with respect to the following:
l.(a). Did the BOR determine and advise plaintiffs as of January 25, 1974, that the BOR had concluded that the lands of plaintiffs affected by the flooding should be acquired by purchase as rapidly as funds could be made available for that purpose?
(b). If so, were the BOR’s plans to purchase the land either halted or abandoned, primarily as a result of the filing of this suit, and if not, what were the primary reasons for its failure to go forward with the program after its studies were completed in April 1974?
*973 2. On or about November 20, 1974, when the Lands Division requested the BOR to reinstitute the land acquisition program, did the Department of Justice inform any representative of the BOR or the Department of Interior, in substance or in effect, that Justice had decided to settle or dispose of this case through BOR’s land acquisition program, primarily in order to avoid liability for attorneys’ fees and/or other costs?
3. Was the decision of the Department of Justice to terminate settlement negotiations in this case and to request BOR to reinstitute the land acquisition program based primarily on a desire to avoid liability for attorneys’ fees in this case, or were there other factors which Justice felt were equally important reasons for taking such action? If so, what were such other reasons?
4. (a). Prior to the time they conveyed fee simple title in their lands to the BOR, did the BOR advise some or all of the plaintiffs in writing that the offer to purchase was "based upon the representation that you have full fee title to the property, which representation is contrary to the position taken in the pending lawsuit; and if the offer is accepted, the result will be that you will not be entitled to further compensation in that lawsuit, including attorneys’ fees”? If so, which plaintiffs received such written advice prior to their acceptance of BOR’s offer to purchase their land?
(b). Did any of the plaintiffs in their land purchase contracts, or in their deeds of conveyance, or otherwise, at the time these documents were executed, advise the BOR that they had reserved the right to recover attorneys’ fees in this action? If so, state the names of such plaintiffs and when and how they informed BOR that the land was being sold with such a reservation.
(c). Assuming that some or all of the plaintiffs did not, in the sales to BOR, reserve their right to recover attorneys’ fees in this case, did BOR accept their land purchase contracts and pay the agreed purchase price in reliance on the fact that they had previously received letters containing the statements set forth in 4(a) above, and in the belief that plaintiffs had thereby waived their right to recover attorneys’ fees in this suit?
5. (a). Has the defendant instituted condemnation suits against some of the plaintiffs in this action, and if so, against which plaintiffs?
*974 (b). Is the defendant in such condemnation suits, seeking to acquire said plaintiffs’ entire fee simple title and ownership in such lands?
(c). In any pleadings, or other papers filed by defendant in such condemnation actions, has defendant stated that the award which it is willing to pay excludes the estimated value of the interest which plaintiffs in this suit claim the defendant took by inverse condemnation?
(d). Are any of such condemnation actions being tried on the basis that any amount awarded to them will not prevent said plaintiffs from proceeding with their suit in the Court of Claims? If so, state the names of the plaintiffs involved.
6. Any other material facts established by evidence admitted at the evidentiary hearing.
In making his findings of fact and conclusions of law, the trial judge may rely on the records and documents comprising the record of the case identified in the court’s order of August 17, 1979 (unreported), but the trial judge should also permit either party to offer any additional noncumulative evidence which is relevant and material. In the event the trial judge finds there is a conflict between the facts set forth in the documents identified in the court’s order of August 17, 1979, and the evidence adduced at the evidentiary hearing, the trial judge shall resolve the conflict on the basis of the preponderance of the evidence.