On February 26, 1974, 36 plaintiffs filed a petition seeking damages for alleged taking of their property for public use without just compensation in violation of the fifth amendment. The complaint was generated by a rising watertable or an increase in surface flooding said to have been caused by defendant’s construction of the Black Canyon Dam on the Payette River in Idaho.
*877 At defendant’s request, the court held the suit in abeyance to afford the Bureau of Reclamation a reasonable opportunity to conduct a land acquisition program and this suspension continued in effect until May 5,1976.
On May 13, 1976, defendant propounded its first set of interrogatories to each of the plaintiffs. Among the questions asked was: 2e. "the date of the 'taking.’” Questions 2b and 2c asked for a description of the property interest owned by each plaintiff before and after the taking. Questions 2f and 2g asked for plaintiffs statement of the fair market value of the property owned by each before and after the taking.
On July 6, 1976, in their answer to question 2e, plaintiffs Alva B. McConnel and Coline McConnel [No. 23] replied: "1934 — First dike built.” Plaintiff Esther Palmer [No. 28] answered the same question on July 13, 1976, as follows: "Early 1960’s.”
By September 1978 defendant acquired by negotiation and direct purchase the fee simple interest in the properties of 33 of the 36 plaintiffs and in February 1980 acquired the property of a 34th plaintiff. Efforts to acquire the properties of the McConnels and Esther Palmer were unsuccessful. On April 12, 1979, condemnation actions were started in the United States District Court for the District of Idaho to acquire the McConnel and Palmer properties and the cases were set for trial on December 29,1980. The Palmer matter was settled for $85,000. In the McConnel case, the jury returned a verdict finding just compensation for the taking of the land to be $374,000. These two claims are all that remain before this court and involve the question of the taking, if any, of flowage easements in this case.
Defendant has moved to dismiss the two remaining claims on the grounds that we are without jurisdiction because the claims are barred by the 6-year statute of limitations, 28 U.S.C. § 2501 (1976). Defendant relies on the answers given in the interrogatories which demonstrate that the petition was filed much beyond 6 years from the dates plaintiffs admit that the taking took place. We conclude defendant is correct.
Plaintiffs have resisted the motion to dismiss by reliance on United States v. Dickinson, 331 U.S. 745 (1947), and *878 Castro v. United States, 205 Ct. Cl. 534, 500 F.2d 436 (1974). These cases proclaim the reasonable rule that when the Government builds a dam which results in a taking by erosion or flood over a period of time, an owner does not have to sue until the permanent character of the flooding has been established. In other words, the sources of the problem may be continuous in nature, and it would not be in the interests of justice to require piecemeal suits. It is only reasonable that such a cause of action not be understood to accrue when the taking begins unless the damage is total, permanent, and immediate, but rather when the damage stabilizes sufficiently to allow computation of damages. Barnes v. United States, 210 Ct. Cl. 467, 538 F.2d 865 (1976). Plaintiffs say that their damage was increasing over a period of time and that they were thus excused from bringing a claim sooner. Therefore, they argue that the date of the commencement of the taking is irrelevant to the statute of limitations here.
The difficulty we have with plaintiffs’ argument is that it requires a misconstruction of the plain meaning of their answers to the interrogatories. We do not read these answers as indicating when the taking commenced but rather the date taking was completed. The answers given to interrogatory 2e must be read in the context of the other interrogatories propounded and the answers given to them. Unless the dates given by the respective plaintiffs for the taking state the completed date, their answers to the other questions — a description of the property taken before and after the taking and the value before and after the taking— are not logically consistent. The taking commenced when the dam was completed in 1924. The taking was fulfilled for purposes of its permanent character on the dates given by plaintiffs. Plaintiffs have admitted that they knew the extent of the taking and the nature of the interest taken more than 6 years before bringing suit. In a sense, the damage will perhaps continue forever and may worsen. This does not mean that plaintiffs can forever postpone making their claims, for to so hold would render the statute of limitations meaningless. Determination of when a cause of action first "accrues” must be made with regard to the practical ends to be served by statutes of limitations, such *879 as the avoidance of stale claims. Reading Co. v. Koons, 271 U.S. 58, 61-62 (1926).
it is therefore ordered, upon consideration of the defendant’s motion to dismiss, plaintiffs’ response thereto, and the exhibits, without oral argument, that the motion to dismiss is granted. The petition is dismissed as to all of the claims of plaintiffs McConnel and Palmer.