Per Curiam:
The court is now presented with defendant’s request of May 27, 1982, for interlocutory review, pursuant to Rule 53(c), of the order issued May 17, 1982, by the trial judge who has ruled that an issue pertaining to attorneys’ fees remains in the case notwithstanding orders of the court on September 25, 1981, 228 Ct.Cl. 876, dismissing the petition, and November 20, 1981, denying a motion by plaintiff for rehearing and/or relief from that judgment. The trial judge has certified his order as one which merits review since it involves an issue of controlling importance and an issue of deprivation of fundamental rights as to which there is substantial ground for difference of opinion. Rule 53(c)(2). Plaintiffs responded on July 19, 1982, to the May 27 request for review.
The suit giving rise to these problems was filed in 1974, but proceedings were suspended on defendant’s request to permit the Bureau of Reclamation to negotiate buying the land which plaintiffs claimed was taken by defendant without just compensation in violation of the fifth amendment. Defendant says that, by negotiation and purchase, the bureau did obtain said lands and property of 34 of the 36 plaintiffs.
On November 21, 1979, 221 Ct.Cl. 971, the court entered an order on defendant’s request for interlocutory review of the trial judge’s order which held plaintiffs were entitled to attorneys’ fees pursuant to 42 U.S.C. § 4654(c) (1976). The order of the court stated that it could not determine the truth of the matter on interlocutory review and remanded the case to the trial judge with instructions to take evidence and develop answers to a series of questions about the proceedings claimed to be the basis for attorneys’ fees. The present issue pertains to the efforts of the trial judge to comply with that order because it is his understanding that the issue remains alive.
On May 28, 1981, defendant moved to dismiss the taking claims of plaintiffs McConnel and Palmer as barred by the statute of limitations. Nothing was said in the motion or in plaintiffs’ response thereto about any issue of attorneys’ fees. The Septemer 25,1981 order of the court described the issue it was to decide as one of limitations only and granted defendant’s motion to dismiss those two claims, stating: *862 "The petition is dismissed.” On plaintiffs’ motion for rehearing the issue of attorneys’ fees surfaced, but the court was of the opinion that it pertained only to the dismissed plaintiffs and denied the motion.
Defendant now seeks a technical advantage, claiming that the petition in its entirety was dismissed and that the claim for attorneys’ fees was dismissed with it. Defendant argues that the court correctly understood the situation because no judgment for a taking was ever entered and no settlement of such a claim was made, and that under 42 U.S.C. § 4654(c) this is an essential predicate for any award of attorneys’ fees. Defendant would thus have the court abort its order of November 21, 1979, for an evidentiary hearing.
Defendant misreads the court’s intentions. It has never considered the issue of attorneys’ fees on the merits nor said anything about it since the order of November 21, 1979. Had the court had that issue redirected to its attention by counsel when considering the motion to dismiss plaintiffs McConnel and Palmer, it would have stated in its September 25,1981 order that the petition was dismissed only as to their claims, for that is what it thought it was doing and it was all that it was asked to do. Defendant now has represented to the court that other plaintiffs’ lands have been acquired by defendant and that they have no taking claims remaining. The November 21, 1979 order of the court is still viable, however, for the court is unaware of the circumstances of the disposal of said claims. No motion has been made to dismiss them, and the court has not dismissed them.
it is therefore ordered, upon consideration of defendant’s request for interlocutory review, without oral argument, that the motion for review is granted. The order of the court of November 20, 1981, is vacated and set aside. The last sentence of the September 25, 1981 order of the court is amended to read:
The petition is dismissed as to all of the claims of plaintiffs McConnel and Palmer.
Claims for litigation expenses including attorney fees, pursuant to 42 U.S.C. 4654(c), asserted by other plaintiffs, *863 remain in the case until it is determined under what circumstances their claims were allegedly disposed of. Counsel are directed to comply with the November 21,1979 order of the court within such time frame as ordered by the trial judge.