In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 09-4044 & 09-4046

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

VERNADO PARKER,

*Defendant-Appellant.*

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
Nos. 04 CR 361 and 08 C 2957—**Matthew F. Kennelly**, *Judge.*

ARGUED MAY 21, 2010—DECIDED JUNE 16, 2010

Before EASTERBROOK, *Chief Judge*, and BAUER and
TINDER, *Circuit Judges*.

BAUER, *Circuit Judge.*  Vernado Parker pleaded guilty
to conspiring to possess more than 5 kilograms of cocaine
with intent to distribute, in violation of 21 U.S.C. § 846,
and admitted under oath to distributing between 50 and
150 kilograms. In exchange, the government agreed to
dismiss the remaining charges and to recommend
that Parker receive certain sentence reductions under
the United States Sentencing Guidelines. The district

court accepted the government's recommendations and sentenced Parker to 121 months' imprisonment, the bottom of Parker's calculated Guidelines range. Parker challenges the effectiveness of his counsel's advice during the plea negotiation and the calculation of his sentence. For the reasons below, we affirm the district court's separate rulings on those issues.

## I. BACKGROUND

This is a consolidated appeal from (1) Parker's criminal conviction and sentence; and (2) his civil habeas action under 28 U.S.C. § 2255, in which the district court re-entered judgment in the underlying criminal case so that Parker could timely appeal it, having found Parker's counsel constitutionally ineffective for failing to timely appeal the original judgment. Also in the civil case, the district court denied Parker's motion to vacate his sentence after finding that although Parker's counsel acted deficiently in advising Parker about his plea negotiation, the misadvice did not prejudice Parker. *See United States v. Parker*, No. 08 CV 2957, 2009 WL 4043177, at **9-12 (N.D. Ill. Nov. 23, 2009).

Counsel had first informed Parker accurately about the nature of the government's plea offer. In exchange for pleading guilty to conspiring to possess more than 5 kilograms of cocaine with intent to distribute and for admitting to distributing between 50 and 150 kilograms, the government offered to dismiss the remaining fifteen charges arising from the same course of conduct and to recommend a two-level reduction under the Guidelines

for accepting responsibility and another two-level reduction for being eligible for the "safety valve." *See* 18 U.S.C. § 3553(f).

Counsel then misadvised Parker about the effects of accepting this offer. Specifically, counsel (1) told Parker that the resultant sentence would be a maximum of 120 months, and probably less; (2) explained to Parker that admitting to 50 or more kilograms of cocaine, versus the only 15 kilograms for which Parker thought he was responsible, would not affect his sentence other than determining the recommended Guidelines range; and (3) led Parker to believe that eligibility for the safety-valve reduction required accepting the government's deal. The district court would later find the first two of these three pieces of misadvice constitutionally deficient under *Strickland v. Washington,* 466 U.S. 668 (1984), without reaching the third, because Parker's worst-case scenario was at least 151 months, not 120 months as counsel predicted, and because drug-quantity stipulations impact a judge's assessment of factors under 18 U.S.C. § 3553(a) in determining the sentence after calculating a defendant's advisory Guidelines range. *Parker*, 2009 WL 4043177, at *10.

Parker accepted the deal, pleaded guilty to the conspiracy count, and admitted to distributing between 50 and 150 kilograms of cocaine:

> THE COURT: So how then do you plead to the charge in Count 1 of conspiracy to knowingly and intentionally possess with intent to distribute

and to distribute controlled sub-
stances of greater than 50 but
less than 150 kilograms of co-
caine? Do you plead guilty or
not guilty to that charge?

THE DEFENDANT: Guilty.

THE COURT:        And you're doing that volun-
                  tarily, is that right?

THE DEFENDANT: Yes.

*Id.* at *7 (quoting Tr. of Feb. 9, 2007, at 22-23). The admitted quantity of 50 to 150 kilograms put Parker's base offense level at 36, which became 32 after the two reductions, thus giving Parker a Guidelines range of 121 to 151 months imprisonment. But Parker "believed that he was responsible for, at most, 15 kilograms," *id.* at *3, and he "expressed reluctance [to his defense counsel] to agree to a quantity of 50-150 kilograms*." Id.* Had Parker pleaded guilty without admitting to the drug-quantity required to invoke the plea agreement, and admitted instead to only 15 kilograms without the benefit of the plea agreement, then his calculated Guidelines range *might* have been either 78 to 97 months or 97 to 121 months (as Parker calculates and the government does not dispute), rather than 121 to 151 months, although the *probability* of a lesser range is an issue that we do not address. *See Strickland*, 466 U.S. at 694 (defining the "reasonable probability" standard a petitioner must show in this context as a "probability sufficient to undermine confidence in the outcome").

In sum, the district court found that counsel's advice about the effects of accepting the plea offer was below the standard of reasonableness required by the Sixth Amendment, not least because she advised that Parker's maximum sentence under the deal would be 120 months, whereas in reality it was at least 151 months. However, the district court denied Parker's petition for relief because "Parker has failed to show that he was prejudiced in the way required by *Hill v. Lockhart*." *Id.* at *12.

## II.  DISCUSSION

### A.  Federal Habeas Challenge to Counsel's Effectiveness

We review the district court's denial of Parker's § 2255 petition for clear error on factual matters and de novo on questions of law. *Tezak v. United States*, 256 F.3d 702, 712 (7th Cir. 2001).

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. Amend. VI. The Amendment guarantees, among other things, the right to counsel's effectiveness in those proceedings where a right exists also to have counsel appointed or retained. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Glasser v. United States*, 315 U.S. 60 (1942); *Powell v. Alabama*, 287 U.S. 45 (1932). A defendant claiming ineffective assistance of counsel in a criminal case must show that counsel's representation was deficient in that it fell below an objective standard of reasonableness and that

counsel's deficient performance prejudiced him. *Strickland*, 466 U.S. at 688, 694. To establish prejudice, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, *the result of the proceeding would have been different.*" *Id.* at 694 (emphasis added). The prejudice element is established in the plea bargaining context, as the Supreme Court found in *Hill v. Lockhart*, by showing a reasonable probability that but for counsel's errors, the defendant *"would not have pleaded guilty and would have insisted on going to trial.*" 474 U.S. 52, 59 (1985) (emphasis added).

Parker admits that he would have pleaded guilty without the plea agreement, and thus would not have insisted on going to trial as required by *Hill*. But he urges us to distinguish *Hill* and rely instead on the broader language of *Strickland* to find prejudice if he can show that an unconditional plea would have resulted in a lower sentence. Appellant's Br. at 31; *see also Glover v. United States*, 531 U.S. 198, 203 (2001) ("[A]ny amount of actual jail time has Sixth Amendment significance."); *United States v. Wyatt*, 574 F.3d 455, 458 (7th Cir. 2009) (recognizing that a petitioner might be able to show prejudice if but for counsel's performance he would have "enter[ed] an unconditional plea in hope of obtaining a lower sentence"); *Hunter v. United States*, 160 F.3d 1109, 1116 (6th Cir. 1994) (Moore, J., concurring) ("*Hill* . . . does not foreclose the possibility that in an appropriate case a petitioner could satisfy the *Strickland* prejudice prong by demonstrating a reasonable probability that but for the alleged errors the conditions of [the petitioner's] guilty plea or his sentence would have been

different."); Richard Klein, *Due Process Denied: Judicial Coercion in the Plea Bargaining Process*, 32 Hofstra L. Rev. 1349. 1368-69 (2004) (arguing that *Hill*'s prejudice standard is underinclusive); Emily Rubin, *Ineffective Assistance of Counsel and Guilty Pleas: Toward a Paradigm of Informed Consent*, 80 Va. L. Rev. 1699, 1705-06 (1994) (same).

The government counters that the only court to address Parker's argument in this context has rejected it. *See Short v. United States*, 471 F.3d 686, 696 (6th Cir. 2006) (finding no prejudice even if the petitioner could have received a better sentence by entering an unconditional plea rather than taking counsel's advice and accepting a plea agreement). The government also contends that Parker's case is controlled by our precedent finding that whether a petitioner "could have negotiated a better plea deal is irrelevant in the ineffective assistance context." *Bethel v. United States*, 458 F.3d 711, 720 (7th Cir. 2006); *see also United States v. Wyatt*, 574 F.3d 455, 458 (7th Cir. 2009); *United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999).

We need not address these arguments because Parker's appeal fails for a more fundamental reason: Parker has only himself to blame for admitting under oath to a quantity of drugs he now disputes. Prejudice requires a showing that counsel's poor performance not only is a "but-for" cause of the complained-of result, *Strickland*, 466 U.S. at 694, but also "deprive[s] the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993); *see also Nix v. Whiteside*, 475 U.S. 157, 175-76 (1986) (finding

no prejudice although the outcome would have been different had the defendant been able to commit perjury). Parker was not deprived of the right to speak truthfully when the sentencing judge asked him how he pleaded to distributing between 50 and 150 kilograms of cocaine. Nor was he deprived of the right to speak truthfully when the judge asked whether he made the drug-quantity admission voluntarily. Parker committed perjury when he admitted to more than 50 kilograms if we are to believe his argument in this court that he was responsible only for 15 kilograms. Had Parker told the sentencing judge what he now claims is the truth and admitted to 15 kilograms yet still tried to plead guilty to the 50 to 150 kilograms as required by the plea agreement, the judge could not have accepted the plea, *North Carolina v. Alford*, 400 U.S. 25, 38 (1970), in which case had he persisted in pleading guilty without the benefit of the plea agreement, as he argues he would have, then he might have received one of the lesser sentences we described above. (Or he might have received a greater sentence but, as we also mentioned above, we do not address that issue. Whatever the resultant sentence would have been, greater or lesser, it is the one that Parker now seeks, as his attorney confirmed for us at oral argument.) As Parker was not denied the ability to respond truthfully, under oath, to the judge's questions, and thus not denied the ability to receive the sentence he claims would have been better, we cannot say that counsel's deficient performance rendered this case's "result . . . unreliable or the proceeding fundamentally unfair." *Fretwell*, 506 U.S. at 372 (citing *Strickland*, 466 U.S. at 687).

Moreover, perjury is illegal, *see* 18 U.S.C. § 1621, and a defendant cannot establish prejudice "by illegal means. Can anyone doubt what practices and problems would be spawned by such a rule and what volumes of litigation it would generate?" *Nix*, 475 U.S. at 176. Indeed, the illegality of Parker's acts renders this one of those "situations in which it would be unjust to characterize the likelihood of a different outcome as legitimate 'prejudice.' " *Williams v. Taylor*, 529 U.S. 362, 391-92 (2000); *see also Goodman v. Bertrand*, 467 F.3d 1022, 1027-28 (7th Cir. 2006) (quoting *Washington v. Smith*, 219 F.3d 620, 632-33 (7th Cir. 2000)) (finding that the prejudice standard "looks beyond outcome determination to the fundamental fairness of the proceeding . . . in cases where the defendant challenges his conviction based upon unusual circumstances that, as a matter of law, do not typically inform the court's inquiry.").

Thus Parker's prejudice arguments fail, because the Supreme Court's Sixth Amendment jurisprudence establishes that a defendant's illegal activity intervenes to sever any causal connection between counsel's poor performance and the disputed result. *Nix*, 475 U.S. at 176. Even could this jurisprudence be read more generally as establishing that counsel's poor performance must be not only a but-for cause, but also the proximate or legal cause of the disputed result, *see, e.g., Hinton v. Rudasill*, 624 F.Supp.2d 48, 52 (D.D.C. 2009); *Arakelian v. United States*, No. 08 Civ. 3224, 2009 WL 211486, at *6 (S.D.N.Y. Jan. 28, 2009); *Stravers v. Schriro*, No. CV 07-0466-PHX-DGC, 2008 WL 3285915, at *3 (D. Ariz. Aug. 7, 2008), neither has Parker established that counsel's

misadvice legally caused his larger sentence. Just as oxygen, though a but-for cause or necessary condition of fire, does not legally cause an arson, for rather the person setting the fire does, *see United States v. Hatfield*, 591 F.3d 945, 948 (7th Cir. 2010), neither did counsel's misadvice legally cause Parker's resulting sentence. Rather, we find that his perjury did, because Parker raises no argument that his counsel directly encouraged, foresaw, or otherwise proximately caused Parker's perjury, *see, e.g., Corcoran v. Levenhagen*, 593 F.3d 547, 551 (7th Cir. 2010) ("Arguments not raised on appeal . . . are waived."), much less any argument as to what the proper test for proximate cause should be in this context. *Cf. Hemi Group v. City of New York*, 130 S.Ct. 983, 991 (2010) (quoting *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992)) ("The concepts of direct relationship and foreseeability are of course two of the 'many shapes [proximate cause] took at common law.'").

## B.  Direct Appeal of Sentence Calculation

Parker also raises two challenges to his sentence calculation. First, he claims that the district court committed a clear error in finding 50 to 150 kilograms of cocaine attributable to him when performing the sentence calculation. We find no clear error here, because Parker admitted to the amount and asks us to find the district court's reliance on his admission in error only because he was lying at the time, or so he says. But what is to say that he is not lying now?

Second, Parker claims that the district court abused its discretion by giving Parker a sentence that was unreasonable. But the district court sentenced Parker to the bottom of his Guidelines range, *see, e.g., United States v. Zohfeld*, 595 F.3d 740, 743 (7th Cir. 2010) ("A within-Guidelines sentence is presumed reasonable.") (citations omitted), and Parker presents no reason to question the district court's application of the factors listed in 18 U.S.C. § 3553(a), except to say that the district court improperly considered the larger drug quantity, an argument we just rejected as supported only by the say-so of an admitted perjurer.

## III.  CONCLUSION

Parker's petition for relief based on ineffective assistance of counsel is DENIED because he provides no reason to suggest that his counsel's erroneous advice, not his own perjury, caused him to receive the disputed sentence.

The district court's imposition of Parker's sentence is AFFIRMED because Parker attempts to undermine it only by asserting that the district court had no business believing his statements made under oath, a proposition we reject.