**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2010[*]
Decided December 23, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-2776

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:05-cv-04152-JPG-DGW |
| HERMAN A. WESSELMAN, *Defendant-Appellant*. | J. Phil Gilbert, *Judge.* |

**O R D E R**

The government sued Herman Wesselman under 26 U.S.C. § 7403 to reduce to money judgment unpaid assessments for tax, penalties, and interest; and to foreclose on tax liens. The district court granted summary judgment for the government, and Wesselman appeals. We affirm.

For years, Wesselman did not file tax returns for himself or his roofing business. The Internal Revenue Service caught up with him and in 1993 began an audit of Wesselman and

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

his business.  After Wesselman refused the IRS's requests for documents needed to determine his tax liability, the IRS reconstructed his income, calculated his tax liability, and assessed taxes due for an eight-year period for Wesselman and a three-year period for his business.  The IRS assessed over $1.7 million in unpaid taxes, interest, and penalties against Wesselman, provided him notice of the assessment, and demanded payment.  *See* 26 U.S.C. § 6303(a).  But pay he did not.  If a taxpayer does not pay an assessed tax liability after receiving notice of assessment and demand for payment, a lien for the unpaid taxes attaches on all property belonging to the taxpayer.  *See id.* §§ 6321, 6322.  Once the liens arose in this case, the government recorded them on two properties it believed Wesselman controlled.  *See id.* §§ 6321, 6322.

The government then sued Wesselman for a money judgment and to foreclose on the tax liens.  *See* 26 U.S.C. § 7403.  The first count of the government's complaint sought to reduce to judgment Wesselman's unpaid assessments for tax, penalties, and interest.  The district court granted summary judgment for the government on this count in the amount of $1,769,148.31.  *United States v. Wesselman*, No. 05-cv-4152-JPG, 2007 WL 4232711 (S.D. Ill. Nov. 29, 2007).  The district court also found that there was no just reason to delay enforcement of this judgment and certified it for immediate appeal under Federal Rule of Civil Procedure 54(b).  *United States v. Wesselman*, No. 05-4152, 2008 WL 3093381 (S.D. Ill. Aug. 5, 2008).  Wesselman did not appeal this order.

The government then proceeded on its second count to foreclose on the liens attaching to the two properties.  The government contended that Wesselman controlled these properties through nominees to whom he had given legal title.  *See* 26 U.S.C. § 7403.  The lien that arises after a taxpayer fails to pay an assessed tax liability attaches not only to property belonging to the taxpayer, but also to property held by the taxpayer's nominees—someone who has legal title when, in substance, the taxpayer enjoys the benefits of ownership.  *G. M. Leasing Corp. v. United States*, 429 U.S. 338, 350-51 (1977); *United States v. Swan*, 467 F.3d 655, 658 (7th Cir. 2006); *Macklin v. United States*, 300 F.3d 814, 818 n.2 (7th Cir. 2002).  The government produced evidence that the trustees holding legal title to two properties were, in fact, Wesselman's nominees, that liens had attached to the trust properties, and that lien foreclosure was warranted.  The district court agreed and granted summary judgment for the government on its second count.  *United States v. Wesselman*, No. 05-cv-4152-JPG, 2010 WL 1654899 (S.D. Ill. Apr. 22, 2010).

Wesselman filed a notice of appeal from the district court's second grant of summary judgment.  Yet in his brief on appeal he attacks only the validity of the IRS's assessment of his tax liability.  That issue was decided back when the court granted summary judgment on the government's first count.  And, in August 2008, the district court certified that judgment on his tax liability for immediate appeal under Federal Rule of Civil Procedure

54(b).  The 60-day time limit for appealing the tax liability began to run from the date of entry of the Rule 54(b) order.  *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435-36 (1956); *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1227 n.1 (10th Cir. 2007); *Phillips v. Heine*, 984 F.2d 489, 490 (D.C. Cir. 1993); *Willhauck v. Halpin*, 919 F.2d 788, 794 (1st Cir. 1990); 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2654 (3d ed. 1998).  But Wesselman filed his notice of appeal almost two years later, well-after 60 days from that order.  Accordingly, the validity of the tax assessment is outside the scope of our review.

With the validity of the tax assessment beyond review, the only issue on appeal is the propriety of foreclosing on the two properties legally held by Wesselman's nominees.  But Wesselman has presented no arguments disputing the government's evidence or the propriety of foreclosure.  He has thus waived any opposition to that remedy. *See, e.g., United States v. Parker*, 609 F.3d 891, 896 (7th Cir. 2010).  Instead, he contends that his income is not subject to federal tax because, he claims, only federal employees are subject to federal income tax.  *See* 26 U.S.C. §§ 3401(c), 7343.  But this argument disputes his tax liability, not the foreclosure remedy, and anyway has been rejected as "preposterous." *United States v. Latham*, 754 F.2d 747, 750 (7th Cir. 1985); *see United States v. Beale*, 574 F.3d 512, 518 n.3 (8th Cir. 2009); *Parker v. Comm'r*, 724 F.2d 469, 471-72 (5th Cir. 1984).  He also asserts that the IRS's assessments were invalid because the IRS did not produce a sworn Form 23C documenting the assessments.  Again, this argument opposes only the assessment itself.  But in any case, as the IRS did here, the IRS may submit Certificates of Assessments and Payments on Form 4340, which details the assessments, and these Form 4340s are presumptive proof of a valid assessment.  *March v. Internal Revenue Serv.*, 335 F.3d 1186, 1187-88 (10th Cir. 2003); *Roberts v. Comm'r.*, 329 F.3d 1224, 1228 (11th Cir. 2003); *Geiselman v. United States*, 961 F.2d 1, 5-6 (1st Cir. 1992).  Finally, Wesselman appears to contend that the government should have accepted as payment a money order from him.  But the alleged tender is not in the record, and we therefore may not consider it.

AFFIRMED.