NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 11, 2011
Decided May 19, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 10-3771

| | |
|---|---|
| UNITED STATES OF AMERICA | Appeal from the United States District Court |
| *Plaintiff-Appellee*, | for the Western District of Wisconsin. |
| | |
| *v.* | No. 10-CR-16-BBC-01 |
| | |
| JUAN L. LOREDO, | Barbara B. Crabb, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

A jury found Juan Loredo guilty of conspiracy to possess and distribute methamphetamine, as well as substantive counts of possession and distribution. *See* 21 U.S.C. §§ 846, 841(a)(1). The district court calculated a guidelines imprisonment range of 188 to 235 months based on a total offense level of 36 and a Category I criminal history. The defendant was sentenced to 188 months imprisonment followed by 4 years of supervised release.

Loredo filed a notice of appeal, but his appointed lawyer concluded that there are no non-frivolous grounds for appeal and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We review only the potential issues identified in counsel's facially adequate

brief and the appellant's response, in which he also requests appointment of new appellate counsel. *See* CIR. R. 51(b); *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

In support of his motion, counsel first evaluates whether Loredo could argue that the evidence is insufficient to support his conspiracy conviction. It might be possible to argue, counsel explains, that the government proved not a conspiracy but simply a buyer-seller relationship between the defendant and his customers. Such an argument would be frivolous.

The indictment charged that Loredo conspired with his friend and codefendant Federico Perez, among others. Because the appellant did not sell methamphetamine to Perez on the two trips that led to their arrests, Loredo could not plausibly argue that theirs was a buyer-seller relationship. To prove that the defendant-appellant was involved in a conspiracy with Perez, the government needed to establish that the two men had agreed to possess or distribute methamphetamine. *See United States v. Vallar*, 635 F.3d 271, 286 (7th Cir. 2011); *United States v. Johnson*, 592 F.3d 749, 755 (7th Cir. 2010). Perez, who pleaded guilty to the conspiracy charge, testified that in October 2009 he and Loredo drove from Minnesota to Wisconsin and delivered eight ounces of methamphetamine to Christopher Keach, who often purchased drugs from the defendant and who, according to Perez, owed Loredo money. Perez said he went on the trip to protect the appellant "just in case anything goes wrong" and admitted that he carried the methamphetamine into Keach's home. Perez returned to Wisconsin with Loredo two weeks later, when Loredo received $8,500 from an undercover officer posing as a customer paying off a drug debt. Loredo and Perez were arrested immediately after the defendant accepted the money; Perez possessed an ounce of methamphetamine at the time and admitted that he was involved in bringing it to Wisconsin. A jury could conclude from this evidence that the defendant-appellant and Perez were working together to distribute drugs.

Even if we ignored Loredo's involvement with Perez, we would still conclude that the buyer-seller theory contemplated by appellate counsel is frivolous. To prove a conspiracy and distinguish it from a buyer-seller relationship, the government needed to offer evidence establishing an agreement to commit a drug crime other than an arm's-length sale of methamphetamine by the appellant to a willing buyer. *See Vallar*, 635 F.3d at 286; *Johnson*, 592 F.3d at 755; *United States v. Luster*, 480 F.3d 551, 555 (7th Cir. 2007). Keach testified at trial that Loredo had complained in October 2009 that he was owed $13,000 by Dominic Miller, another buyer introduced to the defendant by Keach. When Loredo and Perez came to Wisconsin, Keach said, the defendant-appellant told him to get the $13,000 owed by Miller and gave him the eight ounces of methamphetamine "to generate some of what was owed of the $13,000." Keach testified that he gave Miller five ounces, with the expectation that Miller would sell it and give the proceeds to Keach. Loredo himself

acknowledged that plan to investigators after his arrest with Perez in November. He admitted that he had given Keach the methamphetamine to help recover part of the loss caused by Miller. He expected to receive $20,000 from Keach and had come to Wisconsin to receive an initial payment of $15,000. Keach's testimony and Loredo's admission was enough for any rational jury to conclude that they shared the objective of distributing the eight ounces of methamphetamine. *See United States v. Colon*, 549 F.3d 565, 569-70 (7th Cir. 2008).

Counsel also considers challenging Loredo's sentence, but rightly concludes that doing so would be frivolous. The appellant's 188-month term of imprisonment is within the statutory maxima of 40 years for his conspiracy and distribution offenses, both of which involved at least 50 grams of methamphetamine, *see* 21 U.S.C. § 841(b)(1)(B)(viii), and 20 years for his possession offense, *see id*. § 841(b)(1)(C). His 4-year term of supervised release also complies with statutory limits. *See id*. § 841(b)(1)(B). And we would presume that Loredo's prison sentence is reasonable, because it falls at the bottom of his guidelines range. *See United States v. Parker*, 609 F.3d 891, 897 (7th Cir. 2010). Counsel has not identified any reason to suggest that the defendant could rebut that presumption.

In his response to counsel's motion, Loredo suggests that the government's witnesses lied at trial. But he does not explain what they lied about, and, in any event, we do not reassess the credibility of witnesses when reviewing the sufficiency of the evidence. *See United States v. Kruse*, 606 F.3d 404, 408 (7th Cir. 2010). The defendant also argues that he did not receive effective assistance from counsel during his trial or in deciding what issues to raise on appeal. But claims of ineffective assistance should be raised on collateral review so that a complete record can be developed. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

Because we agree with counsel that any appeal would be frivolous, we GRANT counsel's motion to withdraw. Loredo's request for appointment of counsel is DENIED, and the appeal is DISMISSED.