NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 19, 2012
Decided November 19, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-3110

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff–Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 10-CR-186-BBC |
| BERNARD ROBERTSON, *Defendant–Appellant.* | Barbara B. Crabb, *Judge.* |

## O R D E R

Bernard Robertson was arrested in Wisconsin in possession of pseudoephedrine, used to make methamphetamine, after attempting to elude police officers in a car chase. He pleaded no contest in state court to possessing a methamphetamine precursor and was sentenced to two years in prison. *See* WIS. STAT. § 961.65. While serving that sentence he was charged in federal court with conspiracy to possess pseudoephedrine with intent to manufacture methamphetamine. *See* 21 U.S.C. §§ 846, 841(c)(1). Robertson pleaded guilty, and the district court calculated a guidelines imprisonment range of 188 to 235 months based on a total offense level of 31, *see* U.S.S.G. §§ 2D1.11(d)(4), 3C1.2, 3E1.1, and criminal-history category of VI. The court sentenced Robertson to 211 months, taking into account his incarceration on the state charge. *See* U.S.S.G. § 5G1.3. Robertson filed a notice of appeal, but his newly appointed lawyer contends that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Robertson has not responded to

counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Although counsel discusses whether Robertson could challenge his guilty plea, the lawyer does not say whether Robertson agreed to this course of action. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). If counsel did not consult Robertson, he should have. But counsel's apparent omission is harmless because he concludes, and we agree, that the transcript of the plea colloquy demonstrates the district court's substantial compliance with Federal Rule of Criminal Procedure 11(b). *See Konczak*, 683 F.3d at 349. The district court explained the rights Robertson would relinquish by pleading guilty, admonished him concerning the consequences of his plea, ensured that it was voluntary, and determined that a factual basis for the plea existed. *See* FED. R. CRIM. P. 11(b). On the present record, therefore, a challenge to the plea colloquy or the voluntariness of Robertson's guilty plea would be frivolous.

Appellate counsel also discusses whether Robertson could challenge his prison sentence. Counsel has not identified any potential error in the district court's guidelines calculations or any procedural flaw in the sentencing proceedings. That leaves only the possibility of a challenge to the reasonableness of the sentence imposed, a claim that counsel correctly labels as frivolous. The court imposed a within-guidelines sentence, which we presume is reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Miranda*, 505 F.3d 785, 791 (7th Cir. 2007). Counsel has not identified any reason to set aside this presumption, nor can we. The district court discussed Robertson's criminal history, the failure of past sentences to deter him from crime, his need for drug treatment, and the need to protect the public. *See* 18 U.S.C. § 3553(a).

Counsel last considers whether Robertson could challenge his trial counsel's performance during plea negotiations or at sentencing. The lawyer himself has not confirmed any deficient performance on which to base a claim of ineffective assistance, but Robertson apparently believes that previous counsel should have objected to the quantity of pseudoephedrine attributed to him, *see United States v. Jones*, 635 F.3d 909, 915–16 (7th Cir. 2011), and obtained records from the Internal Revenue Service and the Social Security Administration to alleviate the probation officer's skepticism about Robertson's unverified claim that he had been employed before his arrest, *see Stevens v. McBride*, 489 F.3d 883, 895–96 (7th Cir. 2007). Appellate counsel speculates that his predecessor's choices might have been strategic or that any deficiency was not prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984); *United States v. Parker*, 609 F.3d 891, 894–95 (7th Cir. 2010). But this kind of uncertainty is the very reason that a claim of ineffective assistance of counsel is best left for a postconviction proceeding where the record may be developed. *See Massaro v.*

*United States*, 538 U.S. 500, 504–05 (2003); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005).

Counsel's motion to withdraw is **GRANTED** and the appeal is **DISMISSED**.